**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**FIRETREE, LTD. et al.,**

              **Plaintiffs,**              1:11-cv-95
                                                              (GLS/RFT)

        v.

**TOWN OF COLONIE et al.,**

              **Defendants.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**FOR THE PLAINTIFFS:**
Shulman, Howard Law Firm             FRANKLIN K. BRESELOR, ESQ.
17 Old Route 66
P.O. Box 1000
Averill Park, NY 12018

**FOR THE DEFENDANTS:**
Friedman, Hirschen Law Firm           CAROLYN B. GEORGE, ESQ.
100 Great Oaks Blvd.
Suite 124
Albany, NY 12203

Bloomberg, Magguilli Law Firm         MICHAEL C. MAGGUILLI, ESQ.
109 State Street
Albany, NY 12207

Town of Colonie                            REBEKAH R.N. KENNEDY, ESQ.
534 Loudon Road
Newtonville, NY 12128

**Gary L. Sharpe
Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiffs Firetree, Ltd. and Orange Stones Company (collectively "Firetree") commenced this action under 42 U.S.C. § 1983 against defendants Town of Colonie, New York, Joseph LaCivita, Michael M. Rosch, Michael J. Lyons, Michael C. Magguilli and Paula A. Mahan (collectively "Colonie defendants"), alleging violations of their First, Fifth and Fourteenth Amendment rights. (*See* Compl., Dkt. No. 1.) Pending are Colonie defendants' motion for summary judgment and Firetree's cross-motion to amend to its Complaint. (*See* Dkt. Nos. 65, 66.) For the reasons that follow, Colonie defendants' motion is granted and Firetree's motion is denied.

## II. Background[1]

Firetree, Ltd. and Orange Stones Company are separate non-profit Pennsylvania corporations who bid for, and then operate, residential reentry facilities under contracts with the Federal Bureau of Prisons (BOP). (*See* Defs.' Statement of Material Facts (SMF) ¶ 1, Dkt. No. 65, Attach. 1; Dkt. No. 66 ¶ 1.) In April 2007, Firetree agreed to "purchase the land and a

---

[1] The facts are undisputed unless otherwise noted.

2

structure at 875 Old Albany Shaker Road, located in the Town of Colonie, contingent upon the awarding of a contract by the [BOP]." (Defs.' SMF ¶ 2.) Before closing on the property, Firetree applied to the Building Department of the Town of Colonie for a commercial zoning verification (CZV) in order to construct a new building on the site.[2] (*See id.* ¶ 3.) The application, which was dated May 25, 2007, states that the new building would be a "Correctional Facility." (*Id.*) Specifically, the narrative explains that the "community corrections facility" is a secure facility, and articulates the relevant security provisions. (Dkt. No. 63, Attach. 1 at 21.) Based on this proposed use, the Building Department approved the application. (Defs.' SMF ¶ 3.) Though Firetree never sought a building permit to begin construction, it closed on the property in January 2008. (*See id.*)

Thereafter, Firetree changed its plan and decided to modify the existing structure, as this would only require Minor Site Plan Review. (*See* Compl. ¶¶ 20-21.) Because of this change, Firetree was informed that it needed to apply for a new CZV. (*See id.* ¶ 22; Answer ¶ 9, Dkt. No. 8.) It

---

[2] CZV's are kept on file with the Building Department for one year and state "that the Building Department's approval 'is subject to review and change if the project is modified at a subsequent date.'" (Defs.' SMF ¶ 5.) Moreover, it is undisputed that under Chapter 190 of Colonie Land Use Law, the director of the Building Department must resolve issues of compliance before an application "may be granted by any Town official." (*See id.* ¶ 6; Dkt. No. 66 ¶ 6.)

3

did so on July 22, 2008, again describing the proposed use as a "Correctional Facility." (Defs.' SMF ¶ 4.) Notably, this application did not contain the same description of the facility; instead, the narrative states that the building will be "a community reentry center, which is a transitional correctional facility." (Dkt. No. 63, Attach. 1 at 23.) Nevertheless, the Building Department approved this CZV roughly one week later. (Defs.' SMF ¶ 4.)

After receiving the CZV, Firetree submitted its Minor Site Plan application to the Colonie Department of Planning and Economic Development (PEDD). (*See id.* ¶ 7.) "Various Town departments, as well as Albany County and the FAA, were engaged in reviewing aspects of the project over the next few months." (*Id.* ¶ 7.) In addition, the PEDD sought additional information from Firetree to complete its review. (*See id.*) Though Colonie defendants claim the application was never deemed complete, (*see id.*), defendant LaCivita, the Director of the PEDD, stated that Firetree's application was finalized as of April 20, 2009, (*see* Dkt. No. 65, Attach. 4 ¶ 19). Albeit final, the application was never referred to the Planning Board for consideration. (*See* Defs.' SMF ¶ 7.) Likewise, the building permit Firetree applied for on March 6, 2009 was not issued. (*See*

4

*id.* ¶ 8; Dkt. No. 66 ¶ 8.) According to Firetree, the delay in considering its application, as well as the denial of its building permit, led it to conclude that the application would not be considered in a timely manner. (*See* Compl. ¶¶ 27-43.) Thus, on May 1, 2009, Firetree sent a letter to defendant Maggiulli, the town attorney, in which it advised that it was "contemplating legal proceedings to challenge the unwarranted and illegal delays." (*Id.* ¶ 44.)

Ultimately, both the May 25, 2007 and July 28, 2008 CZVs were rescinded by defendant Rosch, the head of the Building Department, in separate letters in May 2009. (*See* Defs.' SMF ¶ 9.) Firetree claims that Rosch's first recision on May 5, 2009 was immaterial as its initial CZV expired on May 25, 2008. (*See* Dkt. No. 66 ¶ 9.) However, after receiving this letter, Firetree commenced an Article 78 proceeding to compel Colonie to rule on its Minor Site Plan application. (*See* Defs.' SMF ¶ 10; Dkt. No. 66 ¶ 10.) Firetree served its petition on Colonie on May 11, 2009; the next day, Rosch issued his second letter in which he rescinded the July 28, 2008 CZV. (*See* Compl. ¶¶ 48-49.) In a decision dated January 7, 2010, the state court dismissed Firetree's petition, finding that Rosch possessed the authority to rescind the CZVs, and moreover, that Firetree's failure to

5

appeal Rosch's decision to the Zoning Board of Appeals precluded judicial review. (*See* Dkt. No. 56, Attach. 1 at 3-4.) Citing its inability to fulfill the obligations of the contract with BOP, Firetree voluntarily withdrew its appeal of the state court decision, and did not resubmit its application to the town. (*See* Compl. ¶¶ 73-76; Defs.' SMF ¶ 10.)

Firetree now alleges three causes of action: (1) deprivation of property without due process of law; (2) deprivation of property without just compensation; and (3) First Amendment retaliation. (*See* Defs.' SMF ¶ 12.)

### III. Standard of Review

The standard of review under Fed. R. Civ. P. 56 is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Wagner v. Swarts*, 827 F. Supp. 2d 85, 92 (N.D.N.Y. 2011).

### IV. Discussion[3]

Colonie defendants argue that Firetree's Complaint should be

---

[3] Both parties' briefs include a number of arguments that are inapplicable to the instant case—*e.g.,* Colonie defendants' discussion of substantive due process, and Firetree's argument regarding the "special facts" exception. (*See generally* Dkt. No. 65, Attach. 3; Dkt. No. 66, Attach. 1.) Therefore, the court addresses only the dispositive arguments asserted, and countered, by the parties.

6

dismissed because its Fifth Amendment claim is not ripe; it has no vested property interest in the approval of its Minor Site Plan application; and its retaliation claim fails as a matter of law.[4]  (*See* Dkt. No. 65, Attach. 3 at 2-8, 10-12.)  In addition to refuting Colonie defendants' assertions, Firetree's response includes a cross motion to amend, in which it seeks to add a cause of action under the Equal Protection Clause.  (*See* Dkt. No. 66, Attachs. 1, 17.)  Though Colonie defendants' arguments are somewhat disjointed, they are nonetheless correct.

## A. <u>Ripeness</u>

Colonie defendants aver that Firetree's "abandon[ment]" of the project, and its failure to seek compensation through the "procedures provided by the state" render the Fifth Amendment claim unripe for judicial review.  (Dkt. No. 65, Attach. 3 at 10-12.)  While not explicitly conceding that its claim is flawed, Firetree acknowledges Colonie defendants' argument "may affect" its Fifth Amendment claim.  (Dkt. No. 66, Attach. 1 at 15.)  In short, the court agrees with Colonie defendants.

"[A] plaintiff alleging a Fifth Amendment taking of a property interest

---

[4] In addition to moving for judgment as a matter of law, Colonie defendants' seek attorneys' fees.  (*See* Dkt. No. 65, Attach. 3 at 19-20.)  This request is premature, and is thus denied with leave to renew in a separate motion, which must be filed in accordance with the Local Rules of Practice and the Federal Rules of Civil Procedure.

7

must satisfy a two-prong test and show that (1) the state regulatory entity has rendered a 'final decision' on the matter, and (2) the plaintiff has sought just compensation by means of an available state procedure." *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson*, 473 U.S. 172, 186, 194-95 (1985)). Assuming, without deciding, that Colonie defendants rendered a final decision on Firetree's application, there is no evidence in the record that Firetree sought compensation through the state's procedure. (*See* Dkt. No. 65, Attach. 3 at 11-12.) Given that New York has "a reasonable, certain and adequate provision for obtaining compensation," *R-Goshen LLC, v. Vill. of Goshen*, 289 F. Supp. 2d 441, 448-49 (S.D.N.Y. 2003), Firetree's failure to seek redress through that procedure is fatal to its claim. As such, Colonie defendants' motion is granted as to Firetree's Fifth Amendment cause of action.

## B. Vested Property Right

Next, Colonie defendants contend that Firetree did not have a vested property interest in its proposed land use, and thus, it cannot state a cause of action under the due process clause. (*See* Dkt. No. 65, Attach. 3 at 2-5.)

8

In response, Firetree counters that it need not plead a vested property interest, as Colonie defendants' arbitrary and capricious conduct excuses that requirement.[5] (*See* Dkt. No. 66, Attach. 1 at 3-9.) The court disagrees with Firetree.

The existence of a protectable right is an indispensable predicate to a procedural due process claim. *See, e.g.*, *Gagliardi v. Vill. of Pawling*, 18 F.3d 188, 193 (2d Cir. 1994). A developer does not have a property interest in its plan application unless, "at the time of submittal and absent any due process violations, there was a very strong likelihood that the application would have been granted." *Orange Lake Assocs. v. Kirkpatrick*, 825 F. Supp. 1169, 1178 (S.D.N.Y. 1993). "Application of the test must focus primarily on the degree of discretion enjoyed by the issuing authority, not the estimated probability that the authority will act favorably in a particular case." *RRI Realty Corp. v. Inc. Vill. of Southampton*, 870 F.2d 911, 918 (2d Cir. 1989). Even where the denial is arbitrary, "[t]he fact that the permit could have been denied on non-arbitrary grounds defeats the federal due process claim." *Id.*

---

[5] Briefly, Firetree's reliance on the "special facts" exception is misplaced as there is no evidence that Colonie defendants amended the zoning laws applicable to its application. (*See* Dkt. No. 68 at 1); *see, e.g.*, *Cedarwood Land Planning v. Town of Schodack*, 954 F. Supp. 513, 522 (N.D.N.Y. 1997).

Notwithstanding Firetree's claim that the consideration and recision of its CZV was arbitrary, (*see* Dkt. No. 66, Attach. 1 at 8-9), Colonie defendants undoubtedly had the right to rescind the CZV, and/or disapprove the Minor Site Plan application, (*see* Defs.' SMF ¶¶ 5-6; Dkt. No. 65, Attach. 3 at 4-5.) In fact, with the exception of conjecture and allegations of "bad faith," (*see* Dkt. No. 66, Attach. 1 at 3-8), Firetree has offered nothing that demonstrates that Colonie defendants lacked the authority to rescind the CZV. *See RRI*, 870 F.2d at 918 ("Even if in a particular case, objective observers would estimate that the probability of issuance was extremely high, the opportunity of the local agency to deny issuance suffices to defeat the existence of a federally protected property interest."). Thus, Colonie defendants' "discretionary approval powers," standing alone, are sufficient to defeat Firetree's due process claim, as it does not possess a vested property interest. *Orange Lake*, 825 F. Supp. at 1178. Therefore, Firetree's due process claim is dismissed.

**C.     Retaliation Claim**

Lastly, Colonie defendants argue that Firetree failed to state a cause of action for First Amendment retaliation because it failed to show how its rights were chilled. (*See* Dkt. No. 68 at 11.) Again, the court agrees.

10

To succeed on its retaliation claim, Firetree must demonstrate that "(i) [it] has an interest protected by the First Amendment; (ii) the defendant[s'] actions were motivated by or substantially caused by [its] exercise of that right; and (iii) the defendant[s'] action effectively chilled the exercise of [its] First Amendment rights." *Connell v. Signoracci*, 153 F.3d 74, 79 (2d Cir. 1998) (internal citations omitted). Here, there is neither evidence, nor even an allegation, that Rosch's rescission of the CZVs chilled Firetree's speech. (*See* Compl. ¶¶ 89-94.) In fact, after receiving Rosch's second letter, Firetree not only continued to prosecute its Article 78 proceeding, but also pursued an appeal. (*See id.* ¶¶ 49, 67-76.) Thus, Firetree's remaining claim for First Amendment retaliation also fails as a matter of law, and is thus dismissed.

### D. Motion to Amend

Turning to Firetree's motion to amend its Complaint, which Colonie defendants vehemently oppose, the court is unpersuaded that an amendment is appropriate here. (*See* Dkt. No. 66, Attach. 17; Dkt. No. 67.) First, the discovery and dispositive motion deadline has passed. (*See* Dkt. Nos. 25, 58.) And second, Firetree's counsel offered neither explanation nor cause for the amendment. (*See generally* Dkt. No. 66, Attach. 17.)

11

Accordingly, Firetree's motion to amend is denied.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Colonie defendants' motion for summary judgment (Dkt. No. 65) is **GRANTED**; and it is further

**ORDERED** that Firetree's cross motion to amend (Dkt. No. 66) is **DENIED**; and it is further

**ORDERED** that Clerk shall close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

October 9, 2012
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court