**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**FIRETREE, LTD. et al.,**

                **Plaintiffs,**                    1:11-cv-95
                                                        (GLS/RFT)

          v.

**TOWN OF COLONIE et al.,**

                **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFFS:**<br>Shulman, Howard Law Firm<br>17 Old Route 66<br>P.O. Box 1000<br>Averill Park, NY 12018 | FRANKLIN K. BRESELOR, ESQ. |
| **FOR THE DEFENDANTS:**<br>Friedman, Hirschen Law Firm<br>100 Great Oaks Blvd.<br>Suite 124<br>Albany, NY 12203 | CAROLYN B. GEORGE, ESQ. |
| Bloomberg, Magguilli Law Firm<br>109 State Street<br>Albany, NY 12207 | MICHAEL C. MAGGUILLI, ESQ. |
| Town of Colonie<br>534 Loudon Road<br>Newtonville, NY 12128 | REBEKAH R.N. KENNEDY, ESQ. |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction[1]

Plaintiffs Firetree, Ltd. and Orange Stones Company (collectively "Firetree") commenced this action under 42 U.S.C. § 1983 against defendants Town of Colonie, New York, Joseph LaCivita, Michael M. Rosch, Michael J. Lyons, Michael C. Magguilli and Paula A. Mahan (collectively "Colonie defendants"), alleging violations of their First, Fifth and Fourteenth Amendment rights. (*See* Compl., Dkt. No. 1.) On October 9, 2012, this court granted Colonie defendants' motion for summary judgment, dismissing all of Firetree's causes of action.[2] (*See* Dkt. Nos. 69.) Pending is Colonie defendants' motion for attorneys' fees and costs. (*See* Dkt. No. 71.) For the reasons that follow, the motion is granted; however the fees requested are reduced.

## II. Legal Standard

Generally, the so-called "American Rule" mandates "each party to bear his own litigation expenses, including attorney's fees, regardless

---

[1] Although Firetree filed a Notice of Appeal, (*see* Dkt. No. 73), the court maintains residual jurisdiction over collateral matters such as attorneys' fees and costs. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004).

[2] The parties' familiarity with the underlying facts and procedural history is presumed. The court refers the parties to its discussion thereof in its October 9, 2012 Memorandum-Decision and Order. (*See* Dkt. No. 69 at 2-6.)

2

whether he wins or loses." *See Fox v. Vice*, 131 S. Ct. 2205, 2213 (2011). However, Congress has enacted fee shifting provisions which permit a prevailing party to recoup costs from its adversary in certain types of cases. *See id.* (citing *Burlington v. Dague*, 505 U.S. 557, 562 (1992)). To this end, 42 U.S.C. § 1988 authorizes courts to award "a reasonable attorney's fee as part of the costs" to the prevailing party in any action brought under, *inter alia*, section 1983. 42 U.S.C. § 1988(b). Although available to both parties, attorney's fees may only be awarded to a defendant if either the entirety, or a part, of the "plaintiff's action was frivolous, unreasonable, or without foundation." *Fox*, 131 S. Ct. at 2213 (internal quotation marks and citations omitted). In making this determination, and thereafter calculating the reasonable fee, trial courts are granted "substantial deference." *Id.* at 2216. "[R]ough justice," and not "auditing perfection" is the goal of the fee shifting provision. *Id.* Thus, "trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

### III. Discussion

Colonie defendants argue that all of Firetree's causes of action were frivolous, and thus they, as the prevailing party, are entitled to attorneys'

3

fees. (*See* Dkt. No. 71, Attach. 5 at 1-5.) In response, Firetree claims that its Complaint alleged "a serious and manifest injustice," and, while subtly rearguing its theory of the case, takes exception with each of the bases Colonie defendants cite in support of their motion. (Dkt. No. 72, Attach. 1 at 5-20.) Furthermore, Firetree claims there are "unresolved issues" with Colonie defendants' fee request, though it does contest the reasonableness of the hourly rates sought. (*Id.* 20-21.) After considering the overall record, the court concludes that Firetree's First and Fifth Amendment causes of action had no basis in law or fact.

First, Firetree's takings claim was flawed from its inception. Despite its assertion that it brought the "claim in good faith, based on pleadings in other cases," and "promptly" acknowledged the deficiency therein, Firetree's concession was neither prompt nor forthright. (*See* Dkt. No. 72, Attach. 1 at 9.) Indeed, it was not until Colonie defendants' filed their motion for summary judgment that Firetree "recognize[d]" that there "may" be a flaw in its Fifth Amendment claim. (Dkt. No. 66, Attach. 1 at 15.) Notwithstanding its reliance on "pleadings in other cases," (Dkt. No. 72, Attach. 1 at 9), the facts of this case—specifically the failure to even seek compensation through the state's procedure, (*see* Dkt. No. 69 at 8)—did

4

not support Firetree's cause of action.

Likewise, its First Amendment retaliation claim was also baseless. This is so because in order to even state a claim for retaliation, Firetree had to allege, *inter alia*, that Colonie defendants' "action[s] effectively chilled the exercise of [its] First Amendment rights." *Connell v. Signoracci*, 153 F.3d 74, 79 (2d Cir. 1998). Here, there was no evidence that Firetree's right to seek judicial redress was chilled. (*See* Compl. ¶¶ 89-94.) In fact, after receiving the allegedly retaliatory letter, Firetree not only continued to prosecute its Article 78 proceeding, but also pursued an appeal. (*See id.* ¶¶ 49, 67-76.) Thus, based on its own allegations, the court is unable to discern any basis in law or fact for Firetree's First Amendment claim.

However, Firetree's due process claim was not frivolous. Not only did it present a moderately complex question of law that partially eluded Colonie defendants, (*see* Dkt. No. 69 at 6 n.3.), but it also could not have been resolved on the pleadings alone. Rather, as the docket shows, this case necessitated multiple consultations with Magistrate Judge Treece to resolve legitimate discovery disputes on issues such as the attorney-client privilege. While the claim was ultimately unsuccessful, the court disagrees that it rose to the level of frivolity.

5

In sum, the record unequivocally shows that Firetree's retaliation and takings clause causes of action were "frivolous . . . [and] without foundation." *Fox*, 131 S. Ct. at 2213. Although both are recognized claims, neither the law nor the facts *of this case* supported Firetree's assertion of them. *See id.* at 2214. It follows that Colonie defendants are entitled to fees with respect to these claims.

As for the $34,830.15 in fees requested, which represents the total amount billed for attorneys' services, the court concurs with Colonie defendants that its hourly rates are reasonable, (*see* Dkt. No. 71, Attach. 3 ¶ 3), but only finds support in the attached records for $26,811.65 in attorneys' fees, (*see* Dkt. No. 71, Attach. 2), and $1,140.20 in costs, (*see* Dkt. No. 71, Attach. 6). *See* Fed. R. Civ. P. 54(d)(2)(B); *Weyant v. Okst*, 198 F.3d 311, 316 (2d Cir. 1999) (stating that the cost of preparing a section 1988 motion "should be granted whenever underlying costs are allowed") (internal quotation marks and citation omitted). Moreover, the fees need to be reduced by one-third to exclude compensation for Firetree's due process claim.[3] Accordingly, Colonie defendants' are

---

[3] Firetree's response includes a cursory discussion of reasonableness, in which it states that Colonie defendants "should be required to demonstrate how and why the amounts claimed were directly incurred by" them. (Dkt. No. 72, Attach. 1 at 20-21.) In support of this assertion, Firetree references the Town's insurance policy and cites to *Fox*, presumably to

awarded $17,874.43 in attorneys' fees and $1,140.20 in costs.

## IV. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Colonie defendants' motion for attorneys' fees and costs (Dkt. No. 71) is **GRANTED**, however the awards requested are reduced to $17,874.43 in attorneys' fees and $1,140.20 in costs; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

November 21, 2012
Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court

---

suggest that a defendant cannot recover costs paid by an insurance carrier. (*See id.*) However, that is not what *Fox*, 131 S. Ct. at 2214, stands for. Instead, the Supreme Court explicitly stated that Section 1988 "serves to relieve a defendant of expenses attributable to frivolous charges. The plaintiff acted wrongly in leveling such allegations, and the court may shift to him the reasonable costs that those claims imposed on his adversary." *Id.* While the court rejects Firetree's contention on the law, it is a moot point as Colonie defendants' reply clarifies that it is the Town who is first responsible for the fees. (*See* Dkt. No. 74 at 11.)

7